IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
(PIKEVILLE DIVISION)


JIMMY SALYERS                                                    PLAINTIFF
1503 Prater Fork Rd.
Hueysville, Kentucky 41640


Case No. _____


v.


Judge _____


PINNACLE CREDIT SERVICES, LLC                        DEFENDANTS
7900 Highway 7
St. Louis Park, Minnesota 55426

      SERVE:     Todd Striker
                   7900 Highway 7
                   St. Louis Park, Minnesota 55426
                   (BY KENTUCKY SECRETARY OF STATE)


AND


EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, NW
Atlanta, Georgia 30309

      SERVE:     CSC-Lawyers Incorporating Service Co.
                   421 W. Main St.
                   Frankfort, Kentucky 40601
                   (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Jimmy Salyers, by counsel, and for his Verified Complaint against the Defendants, Pinnacle Credit Services, LLC ("Pinnacle") and Equifax Information Services, LLC ("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of Pinnacle's false reporting to Equifax of an alleged delinquent debt of the Plaintiff, and Defendants' failure to investigate Plaintiff's dispute of the false reporting and  Defendants' failure to correct Pinnacles's false reporting on Plaintiff's credit report.

## II. PARTIES

2.      Plaintiff, Jimmy Salyers, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1503 Prater Fork Road, Hueysville, Kentucky 41640.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, Pinnacle, is a Minnesota limited liability company doing business in the Commonwealth of Kentucky with its principal place of business at 7900 Highway 7, St. Louis Park, Minnesota 55426.

5.      Pinnacle is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

7.      Equifax is a "consumer reporting agency that compiles and maintains files on

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

9.      This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Floyd County, Kentucky as a result of the Defendants doing business in Floyd County, Kentucky.

### IV.  FACTUAL BACKGROUND

10.      In or around October 2013, Plaintiff opened a cell phone account with Verizon Wireless.

11.      At some point subsequent to October 2013, Verizon Wireless sold and/or assigned the alleged debt to Pinnacle.

12.      In or around October 2015, Plaintiff, who was in the process of attempting to refinance his mortgage, accessed his Equifax credit report and discovered a derogatory tradeline furnished by Pinnacle referencing the alleged Verizon Wireless debt.

13.      Immediately upon discovery of the Pinnacle tradeline, Plaintiff filed a dispute with Equifax regarding the Pinnacle tradeline.

14.      Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Pinnacle of the dispute at or within five (5) days of the credit bureaus' receiving notice of the dispute from Plaintiff.

15.      In or around November 2015, Equifax advised Plaintiff that it would immediately

delete the Pinnacle tradeline from Plaintiff's Equifax credit report.

16.    Plaintiff accessed his Equifax credit report again in December 2015 and discovered that, despite Equifax's promise to delete the Pinnacle tradeline, the Pinnacle tradeline was still reporting as a derogatory item on Plaintiff's Equifax credit report.

17.    Despite Plaintiff's lawful requests for removal of the disputed item pursuant to the FCRA, Pinnacle and Equifax failed to remove the disputed item from Plaintiff's Equifax credit report.  Upon information and belief, Pinnacle and Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Pinnacle's and Equifax's receipt of Plaintiff's dispute.

18.    The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of the Pinnacle account.

## V.  CLAIMS

### Negligence - Pinnacle

19.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20.    Pinnacle's false reporting to Equifax regarding the alleged delinquent debt and its failure to investigate Plaintiff's dispute of the Pinnacle tradeline were negligent under applicable law.  In falsely reporting the alleged debt as delinquent and in failing to investigate Plaintiff's dispute of the Pinnacle tradeline , Pinnacle breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

21.     Pinnacle's false reporting to Equifax regarding the alleged delinquent debt of the Plaintiff and its failure to investigate Plaintiff's dispute of the Pinnacle tradeline has caused damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.  Pinnacle's false reporting to Equifax regarding the alleged delinquent debt of the Plaintiff and its failure to investigate Plaintiff's dispute of the Pinnacle tradeline was willful and wanton entitling Plaintiff to punitive damages therefor.

## Negligence – Equifax

22.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.     Equifax's failure to remove Pinnacle's false report of Plaintiff's alleged delinquency from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, and Equifax's failure to investigate Plaintiff's dispute of the Pinnacle tradeline was negligent.  In failing to remove Pinnacle's false report of Plaintiff's alleged delinquency and in failing to investigate Plaintiff's dispute of the Pinnacle tradeline, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

24.     Equifax's negligent failure to remove Pinnacle's false report of Plaintiff's alleged debt from Plaintiff's Equifax credit report and its failure to investigate Plaintiff's dispute of the Pinnacle tradeline has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

25.     Equifax's failure to remove Pinnacle's false report of Plaintiff's alleged debt from

Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, and Equifax's failure to investigate Plaintiff's dispute of the Pinnacle tradeline was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – Pinnacle

26.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27.     Pinnacle, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Equifax regarding the alleged Pinnacle account.  Pinnacle's statements were made with conscious disregard for the rights of the Plaintiff.

28.     Pinnacle's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Equifax

29.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish false statements to others, including, but not limited to Pinnacle, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, regarding the Pinnacle account.  In publishing such statements, Equifax acted with conscious disregard for the rights of the Plaintiff.

31.     Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Negligent Violation of the Fair Credit Reporting Act – Pinnacle**

32.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33.     Pinnacle's false reporting to Equifax of Plaintiff's alleged delinquency and its failure to investigate Plaintiff's dispute of the Pinnacle tradeline are violations of Pinnacle's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

34.     Pinnacle's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Pinnacle is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

35.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.     Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item and Equifax's failure to investigate Plaintiff's dispute of the Pinnacle tradeline are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

37.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

38.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual

damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Pinnacle**

39.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40.     Pinnacle's false reporting to Equifax of Plaintiff's alleged delinquency, despite Pinnacle's knowledge of the falsity of its reporting, and Pinnacle's failure to investigate Plaintiff's dispute of the Pinnacle tradeline are willful violations of Pinnacle's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

41.     Given Pinnacle's knowledge of the falsity of its reporting, Pinnacle's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Pinnacle is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

42.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43.     Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item and Equifax's failure to investigate Plaintiff's dispute of the Pinnacle tradeline are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

44.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's disputes is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

45.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Jimmy Salyers, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.


Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth Street
Louisville, KY  40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **<u>VERIFICATION</u>**

I, Jimmy Salyers, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.


_____
Jimmy Salyers



COMMONWEALTH OF KENTUCKY          )
                                 ) SS
COUNTY OF FLOYD                  )

Subscribed, sworn to and acknowledged before me by Jimmy Salyers this ___ day of _____, 2015.


_____
Notary Public

Commission expires:_____